41 F.3d 1513
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Floyd Miranda OWEN, Petitioner-Appellant,
v.
Jeff HOOD, Grant Wood, Attorney General State of Arizona,
Respondents-Appellees.
 No. 94-15055.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 4, 1994.*
Decided Nov. 9, 1994.
 
 Before: GOODWIN, O'SCANNLAIN and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Floyd Miranda Owen appeals the denial of his petition for habeas corpus. Because we find that 1). the state trial court properly admitted statements Owen made to the police; 2). Owen's counsel did not render ineffective assistance; 3). the prosecutor's closing argument did not constitute misconduct; 4). the trial court properly refused to excuse a juror for bias, and 5). the search was conducted pursuant to a warrant, we affirm.
 
 I.
 
 3
 One day in March, 1981, Tucson police officers began surveillance of a 1977 gold Ford Granada because the occupants appeared to be driving around Tucson "casing" houses. The police saw the car stop at a residence. They saw the driver, Terry Tapia, and her passenger, petitioner Floyd Miranda Owen, get out, approach the house and knock on the door and peer inside the windows. When no one appeared to be home, Tapia returned to the car and drove off. Owen jumped a fence and disappeared into the backyard of the house. A short while later, he reappeared carrying a full pillowcase. Arrests followed.
 
 
 4
 In a search of the car at the police impound lot, the police found valuables from the burglarized house inside the pillowcase. They also found jewelry in Owen's pockets. Further investigation revealed evidence of two other burglaries. Owen was tried in the Pima County Superior Court and convicted of three counts of burglary and two counts of theft.
 
 
 5
 Owen exhausted his state remedies including a state petition for post-conviction relief.
 
 
 6
 In July, 1991, Owen filed a petition for writ of habeas corpus to the United States District Court for the District of Arizona. In October, 1993, the district court entered the order appealed from.
 
 II.
 
 7
 Owen's first claim, that the police failed to respect his right to counsel when he requested an attorney, is barred because he did not present this claim to the state courts. 28 U.S.C. section 2254(b) (requiring applicant for habeas corpus to "exhaust[ ] the remedies available in the courts of the State....")
 
 
 8
 As for Owen's second claim, the trial court properly admitted statements Owen alleges were elicited in violation of his right to silence. The district court found as a fact, that the police officers had properly apprised Owen of his rights, and that Owen had knowingly and voluntarily waived them. The court correctly rejected Owen's argument that he had revoked his waiver when he told the officer questioning him that he was tired, and would probably lie to the officer.
 
 
 9
 While Owen could have withdrawn his waiver of his right to silence, he did not do so here. In general, "[i]f the individual indicates in any manner, at any time prior to or during questioning, that he wishes to remain silent, the interrogation must cease." Miranda v. Arizona, 384 U.S. 436 at 473-74 (1966). We distinguish, however, between a defendant's merely commenting on the interrogation and the necessary express indication of his desire to call a halt to the questioning. In United States v. Thierman, 678 F.2d 1331, 1336 (9th Cir.1982), the defendant asked the questioner, "Can we talk about it tomorrow?" and later claimed that he had invoked his Miranda rights with those words. The court said his question was "more easily construed as a mere request to postpone interrogation on a single subject than an outright refusal to answer any more questions." Id. at 1336. Similarly, mere failure to respond to a question is not necessarily a revocation of waiver. United States v. Lorenzo, 570 F.2d 294, 298 (9th Cir.1978).
 
 
 10
 The question here is whether Owen indicated that he wanted to remain silent, that is to say, to cut off the questioning at that point. To say that one might lie to the police if subjected to further questioning is not a declaration of one's intent to cease the interrogation. Owen never said that he wanted to stop the conversation even momentarily, or that he had had enough questions, or that he had nothing further to say. On the contrary, he said that he would continue to talk to the police--though, perhaps, untruthfully. This is more appropriately viewed as a commentary on the conversation than a request to cease questioning. Owen's statement was simply insufficient to revoke his waiver of his right to silence.
 
 
 11
 Owen alleges that his trial counsel rendered ineffective assistance. He claims they erred by refusing to call a certain Gilbert Sanchez as a witness. He also claims that they should have moved for a hearing to challenge a witness's identification of Owen, as required by Dessurealt. See State v. Dessurealt, 104 Ariz. 380, 453 P.2d 951 (1969), cert. denied, 397 U.S. 965 (1970).
 
 
 12
 Owen's attorneys' decision not to call Gilbert Sanchez as a witness did not amount to ineffective assistance of counsel. Owen claims he needed Sanchez to impeach the testimony of Terry Tapia, who, after being called at Owen's insistence, testified against Owen. Owen's attorneys' refusal to attempt to impeach their own witness was consistent with procedural rules, sound trial strategy and well within the "wide range of professionally competent assistance." Strickland v. Washington, 466 U.S. 668, 690 (1984).
 
 
 13
 Nor were Owen's attorneys guilty of ineffective assistance of counsel for failure to move for a Dessurealt hearing to assess the propriety of out-of-court identification procedures. A Dessurealt hearing was not required because 1). the out-of-court identification process was not tainted, and 2). there was an untainted in-court identification. Owen claims a hearing was necessary to evaluate the testimony of Dean Noel, a 17 year-old boy who had selected Owen's picture from a photo "spread" at the police station after witnessing a man jumping over a fence at one of the burglarized houses and leaving in a gold car. Owen does not provide any evidence whatsoever that the photo line-up, which was presented in a standard manner in a manila folder, was unduly suggestive, or that the police made unduly suggestive comments to the teenaged Dean Noel.
 
 
 14
 Owen also claims that prosecutorial misconduct deprived him of his right to a fair trial because the prosecutor told the jury, in closing arguments, "this is the type of man right here who breaks into people's houses while they're gone and goes through their drawers." Because the truth of the prosecutor's comment was reasonably to be inferred from the evidence, we reject Owen's claim. U.S. v. Enriquez-Estrada, 999 F.2d 1355, 1361 (9th Cir.1993) ("[I]n fashioning closing arguments, prosecutors are allowed reasonably wide latitude and are free to argue reasonable inferences from the evidence."). Prosecutorial choice of language can be misconduct only if it deprived the defendant of a fair trial. U.S. v. Sanchez-Robles, 927 F.2d 1070, 1077 (9th Cir.1991). The prosecutor's statement here was abundantly supported by the evidence. It could not have "so infected the trial with unfairness as to make the resulting conviction a denial of due process." Darden v. Wainwright, 477 U.S. 168, 181 (1986) (quoting Donnelly v. DeChristoforo, 416 U.S. 637 (1974)).
 
 
 15
 Owen claims the search of the gold Ford Granada was illegal because it was conducted without a valid warrant. Owen's failure to make a timely appeal of this issue to the Arizona Court of Appeals procedurally bars his claim on federal habeas, unless he can show cause for his failure to appeal and prejudice resulting from the appeal. Coleman v. Thompson, 111 S.Ct. 2546, 2565 (1991). Because a search warrant did in fact exist, Owen cannot show prejudice and we must reject his claim.
 
 
 16
 Owen also alleges that his right to a fair and impartial jury was violated when the trial court refused to excuse a juror who lived in the same neighborhood as one of the police officers involved in the case. The police officer who recognized the juror identified him as someone who lived several houses away from him, but with whom he had spoken only a few times. Because the juror had already admitted to attending high school with another officer, the state trial judge determined that the juror had not in fact recognized the other officer's name and that bias was not a danger. Because the trial judge is in the best position to make a determination of the juror's credibility, and because the record fairly supports the necessary inferences, failure to excuse this juror was not error. See Patton v. Yount, 467 U.S. 1025, 1038 (1984). There is no evidence that a constitutionally disqualified juror was allowed to sit.
 
 
 17
 Lastly, Owen alleges two violations of Arizona state law, the first in the trial court's sentencing and the second in the search warrant's failure to comply with Arizona statutes. Absent an independent constitutional violation, "[I]t is not the province of a federal habeas court to reexamine state court determinations on state law questions." Estelle v. McGuire, 502 U.S. 62, 112 S.Ct. 475, 480 (1991); 28 U.S.C. 2254(a). Owen does not assert and we cannot find any such violation.
 
 
 18
 Other issues that were briefed are too insubstantial to be addressed. The judgment is AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3